UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN HIGHLAND,                        )
                                      )
                                      )          Case No. 17-3064
                                      )
WEXFORD HEALTH                        )
SOURCES, INC., et.al.,                )
    Defendants                        )

MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the Court for merit review of the Plaintiff's complaint.  The

Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through

such process to identify and dismiss any legally insufficient claim, or the entire action if

warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state

a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff, a pro se prisoner, says his constitutional rights were violated at

Taylorville Correctional Center by Wexford Health Sources, Nurse Meghan Eggimann,

Nurse Kathy Galvin, Healthcare Administrator Lisa Mincy, Warden Kimberly Smith

and the Illinois Department of Corrections (IDOC).  Plaintiff says his "psych doctor"

changed his medication and the first time Plaintiff was scheduled to receive the new

prescription, Defendant Nurse Eggimann gave him the wrong pills.(Comp., p. 4).  As a

result, Plaintiff says he was sick for approximately 18 hours and could not get out of

bed.  Plaintiff says Defendant Eggiman ultimately admitted she had made a mistake

and she provided him with another inmate's medication.  Nonetheless, Defendant

Eggiman told Plaintiff he should have contacted the Health Care Unit when he began to feel sick. Plaintiff says initially he did not know what was wrong, and then he felt too ill to get out of bed.

Plaintiff also alleges Defendant HealthCare Administrator Mincy denied he was given the wrong medication and she threatened Plaintiff on three occasions. Plaintiff does not explain the threats, but Plaintiff does claim Defendant Mincy reported him to Internal Affairs. Plaintiff says "an investigation was conducted and nothing was done to my knowledge." (Comp., p. 5).

Plaintiff says the Director of Nursing, Defendant Galvin, told Plaintiff he was doing the right thing complaining about Nurse Eggiman's conduct because it was not the first time the nurse had made this mistake.[1] This is the only mention of Defendant Galvin in the complaint and therefore Plaintiff has not alleged the Director of Nursing violated his constitutional rights. In addition, Plaintiff makes no mention of Defendants Wexford, Smith or IDOC in his complaint. *See Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").

To establish an Eighth Amendment violation, Plaintiff must demonstrate he suffered from a serious medical condition and the Defendant was deliberately

---

[1] Nonetheless, Plaintiff does not allege he was given the wrong medication on any other occasions besides August 20, 2016.

indifferent to that condition. *See Farmer v Brennan*, 511 U.S. 825 (1994). However, the Eighth Amendment is not a vehicle for bringing claims of medical malpractice. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). Therefore, inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. *Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987).

Assuming Plaintiff has alleged a serious medical condition, the actions of the Defendants constitute negligence, not a deprivation of a constitutional right. *See Johnson v. Doe*, 234 F.3d 1273 (7th Cir. 2000) (dismissal proper when prisoner only alleged that officials "mistakenly gave him the wrong medication"); *Gillon v. Richmond*, 2017 WL 67635, at *1–2 (N.D.Ind., Jan. 5, 2017)(nurse's action of providing wrong medication was negligence under state law, but did not state a constitutional violation); *Robbins v Pollard*, 2016 WL 8672956, at *2 (E.D.Wis. Nov. 18, 2016)("While the incident is regrettable, plaintiff is not entitled to recovery under 42 U.S.C. § 1983 for receiving the wrong medication on one occasion."); *Sharp v. Keeling*, 2016 WL 7230448, at *3 (S.D.Ill. Dec. 4, 2016)("a bare allegation that an officer gave a detainee the wrong medication suggests only negligent conduct by that official, and not the kind of recklessness needed to put forth a constitutional claim."); *Dorn v. Powers*, 2011 WL 6890466, at *4 (S.D.Ill. Dec. 30, 2011)(providing wrong medication on one occasion "is simply carelessness," not a constitutional violation); *Ehrenberg v. Wis. Dep't of Corr.*, 2010 WL 5089484 (E.D. Wis. Dec. 7, 2010) (prisoner stated no constitutional claim based on allegations that he was given the wrong dosage of medicine); *Kirkwood v. Sirin*, 2006 WL 587698 *3 (E.D. Wis. Mar. 9, 2006) (prisoner failed to state constitutional claim for being given wrong

medication on one day); *Positano v. Wetzel*, 529 Fed.Appx. 116, 119 (3d Cir. 2013)

(allegation that doctor gave a prisoner the "wrong medication" suggested at best

"medical malpractice," and not a constitutional violation); *Daniels v. Beasley*, 241

Fed.Appx. 219, 220 (5th Cir. 2007) (allegation that prisoner was given "wrong

medication" did not establish "actions involv[ing] more than negligence").  Therefore,

the Court must dismiss Plaintiff's complaint for failure to state a claim upon which

relief can be granted.

IT IS THEREFORE ORDERED that:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to

Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   This case is closed. All

pending motions are denied as moot. [5, 7].

2) This dismissal shall count as one of the Plaintiff's three allotted strikes

pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record

the Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has

been dismissed.  The agency having custody of Plaintiff shall continue to make

monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal

with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A

motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff

plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does

choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 22nd day of May, 2017.


s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE